```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  SERVERIANO MENDOZA,                                       :
                                                            :
                              Plaintiff,                    :
                                                            :
                  - against -                               :   18-CV-11147 (VSB) (DF)
                                                            :
  CAVALLO'S OF CHELSEA, INC. et al.                         :   OPINION & ORDER
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      Before me is Magistrate Judge Debra Freeman's unchallenged Report and Recommendation, entered on April 12, 2022 after I awarded Plaintiff default judgment and referred this matter for an inquest on damages (the "Report"). (Doc. 40.) Judge Freeman recommended that Defendants be held jointly and severally liable to Plaintiff in the amount of $70,515.86, granted prejudgment interest of $2,253.18 plus additional prejudgment interest to be calculated by the clerk, and awarded attorneys' fees and costs in the amount of $2,935.00 and $400.00, respectively. (*Id.* at 1–2.)

      In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within 14 days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). When neither party submits an objection to a report and recommendation, or any portion thereof, a district court reviews the report and

recommendation for clear error.  *Santana v. Comm'r of Soc. Sec.*, No. 17-CV-2648 (VSB) (BCM), 2019 WL 2326214, at *1 (S.D.N.Y. May 30, 2019); *Marte v. Berryhill*, No. 17-CV-3567 (VSB) (JLC), 2018 WL 5255170, at *1 (S.D.N.Y. Oct. 22, 2018); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

     Here, no Defendants ever appeared or filed an objection to the Report, and Plaintiff filed a certificate of service showing that the Report was sent to Defendants by overnight mail on April 20, 2022.  (Doc. 42.)  After the filing of the Report, Plaintiff filed a suggestion of bankruptcy as to Defendant Salvatore Naimo ("Naimo").  (Doc. 41.)  Plaintiff says he will "cease pursuing his claims against . . . Naimo" due to "the automatic stay" from Naimo's bankruptcy.  (*Id.*)  I find that my adopting the Report as it pertains to Naimo's co-Defendants would not violate the automatic bankruptcy stay.  *Cano v. DPNY, Inc.*, 287 F.R.D. 251, 262 (S.D.N.Y. 2012) ("where the debtor and non-debtor co-defendant are joint tortfeasors or where the non-debtor's liability rests upon his own breach of duty, a stay clearly cannot be extended to the non-debtor") (citation omitted).  However, the automatic bankruptcy stay applies to "the continuation, including the issuance or employment of process, of a judicial . . . action or proceeding against the debtor that was . . . commenced before" when a debtor files for bankruptcy.  11 U.S.C. § 362(a)(1).  Accordingly, as adopting the Report would be "the continuation . . . of a judicial action," I cannot adopt the Report as it pertains to Naimo.  *See In re Sklar*, 626 B.R. 750, 763 (Bankr. S.D.N.Y. 2021) (holding that "the R&R and the Order Adopting R&R issued" after a filing for bankruptcy were "in violation of the stay").

     I have reviewed Magistrate Judge Freeman's thorough and well-reasoned Report for clear error and, after careful review, found none.  Accordingly, I ADOPT the Report as against

Defendants Cavallo's of Chelsea, Inc. and Antonio Coppola (the "Non-Naimo Defendants").

The Clerk of Court is respectfully directed to enter judgment against the Non-Naimo Defendants per the terms stated in the Report and to terminate this action. Plaintiff may move to reopen this action, and to have the Report adopted as to Naimo, if and when Naimo's bankruptcy concludes.

SO ORDERED.

Dated: September 22, 2022
   New York, New York

Vernon S. Broderick
United States District Judge